CHAMBERS OF 101 WEST LOMBARD STREET
STEPHANIE A. GALLAGHER BALTIMORE, MARYLAND 21201
UNITED STATES MAGISTRATE JUDGE (410) 962-7780
 Fax (410) 962-1812

July 9, 2013

LETTER TO COUNSEL:

      RE:    *Melissa Ann Campbell v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-2378

Dear Counsel:

      On August 9, 2012, the Plaintiff, Melissa Ann Campbell, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Campbell's letter reply. (ECF Nos. 16, 17, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Campbell filed her claim for benefits on March 24, 2005, alleging disability beginning on September 19, 2004. (Tr. 73-75). Her claim was denied initially on August 2, 2005, and on reconsideration on February 21, 2006. (Tr. 62-65, 59-60). Following an initial hearing (Tr. 611-55), an Administrative Law Judge ("ALJ") denied benefits on September 14, 2007. (Tr. 552-71). The Appeals Council ("AC") remanded the case for further consideration. (Tr. 572-73). The same ALJ held another hearing and again denied benefits on June 9, 2010. (Tr. 656-84, 13-40). This time, the AC denied Ms. Campbell's request for review (Tr. 7-10), so the ALJ's 2010 decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Campbell suffered from the severe impairments of lumbar degenerative disc disease, Crohn's disease, depression, anxiety, and obesity, in addition to several non-severe impairments. (Tr. 19-28). Despite these impairments, the ALJ determined that Ms. Campbell retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally balance, stoop, kneel, crouch, crawl and climb. She is limited to simple, unskilled work that is not at a production pace and is essentially isolated with only occasional supervision and is low stress defined as having only occasional changes in the workplace.

(Tr. 30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Campbell could perform work existing in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 38-39).

Ms. Campbell presents three arguments on appeal: (1) that the ALJ failed to comply with the remand order by adequately assessing the opinion of consultative examiner Dr. Barrish; (2) that the ALJ erred in the assignment of weight to medical sources; and (3) that the ALJ did not sufficiently address Ms. Campbell's obesity. Each argument lacks merit.

First, Ms. Campbell argues that the ALJ failed to comply with the remand order by adequately addressing Dr. Barrish's opinion. Pl. Mot. 10-12. The AC, on remanding the case, indicated that "further assessment is needed" of Dr. Barrish's opinion, because he had concluded that Ms. Campbell was capable of sitting, standing, and walking only in 20 minute increments. (Tr. 572). In the opinion following remand, the ALJ addressed that portion of Dr. Barrish's opinion by stating that the objective findings do not support the limitations assessed, and noting that Ms. Campbell had been able to work two eight-hour days per week with no apparent adverse physical ramifications. (Tr. 33, 36). Moreover, by implication, the ALJ found that Dr. Barrish's "20 minute" limitations were inconsistent with the other evidence of record, which the ALJ summarized in great detail.[1] (Tr. 19-38). Moreover, because the VE found available jobs that Ms. Campbell could perform even when presented with all of the limitations in Dr. Barrish's opinion, any error in rejecting some of Dr. Barrish's limitations in the ALJ's RFC would be harmless. *See Shinseki v. Sanders*, 129 S.Ct. 1696, 1706 (2009) (noting that the party challenging an agency determination bears the burden of establishing that the error was harmful).

Next, Ms. Campbell submits that the ALJ erroneously assigned weight to various medical sources. Specifically, Ms. Campbell suggests that the ALJ assigned too much weight to earlier opinions issued by state agency reviewers, Dr. Bryan and Dr. Biddison, and too little weight to the opinions issued by a treating physician, Dr. Naylor. With respect to the earlier opinions, Ms. Campbell contends that they did not take into consideration subsequent treatment notes from Dr. Naylor, the consultative examination by Dr. Barrish, and subsequent MRI records. Pl. Mot. 18 However, Dr. Bryan's and Dr. Biddison's opinions provided insight into Ms. Campbell's condition as of the dates of their reports, which well post-dated Ms. Campbell's alleged disability onset date of September 19, 2004. A medical opinion is no less valid simply because it does not consider developments that may have occurred subsequent to its drafting. Moreover, the ALJ did not rest her entire physical RFC assessment on the opinions of the two non-examining physicians. In addition to the "great weight" assigned to their opinions, she assigned "some weight" to Dr. Barrish's opinion, and "little weight" (not "no weight") to Dr. Naylor's opinion. In addition to the narrative marshaling evidence in support of her conclusions, these assignments of weight provide substantial evidence to affirm the ALJ's opinion.

---

[1] By finding that Dr. Barrish's other limitations were assigned "some weight" because they were "consistent with the medical record as a whole," the ALJ impliedly found that the remainder of the limitations to which he assigned "little weight" were not consistent with the medical record as a whole. (Tr. 36).

The ALJ assigned little weight to the opinion of Dr. Naylor, who served as Ms. Campbell's treating physician. However, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ found that Dr. Naylor had a lack of expertise in vocational training and occupational health and a lack of specialization in the particularized medical areas governing Ms. Campbell's primary impairments. (Tr. 37). Moreover, while the ALJ certainly could have provided specific references when concluding that Dr. Naylor's conclusions were "inconsistent with the record," (Tr. 37), I find that the remainder of the ALJ's opinion, which provided an extensive summary of the medical evidence of record, provides substantial evidence to sustain the ALJ's conclusion. In particular, the ALJ summarized Dr. Naylor's limitations, which included an inability to maintain attention for two-hour segments and an ability to stand, sit or walk for only one hour in an eight-hour work day. (Tr. 36). Those limitations, if accurate, would preclude the part-time work schedule that Ms. Campbell was successfully performing, as the ALJ noted. *Id.*

Ms. Campbell's final argument is that the ALJ failed to consider her obesity in combination with her back impairments and Crohn's disease. Ms. Campbell has not cited, and I have not found, any evidence of record suggesting that Ms. Campbell's obesity created functional limitations other than those caused by her other impairments. The claimant carries the burden of showing how her obesity affected her ability to perform work-related functions. *See Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir.1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the inquiry). Obesity is known to exacerbate other health issues, including musculoskeletal problems and Crohn's disease. However, the ALJ already adjusted the RFC to account for those limitations. Because Ms. Campbell has not identified how her obesity limited her to a greater extent than the ALJ found, she has failed to carry her burden. *See Brown v. Astrue,* No. JKS–09–1792, 2011 WL 129006, at *2 (D. Md. Jan.14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, Brown has shown no basis for remand.").

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge